**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21480-JB**

CHANEL, INC.,

     Plaintiff,

v.

LASTCHANCE-RACK.COM a/k/a
NORDSTOMONLINE.COM, AN
INDIVIDUAL, BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

     Defendant.

_____/

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

In accordance with the Court's Order Granting Default Final Judgment, ECF No. [15], the Court now enters this separate final judgment pursuant to Federal Rule of Civil Procedure 58(a). Accordingly, it is **ORDERED AND ADJUDGED** that Default Final Judgment is hereby entered in favor of Plaintiff, Chanel, Inc. ("Plaintiff"), and against Defendant lastchance-rack.com a/k/a nordstomonline.com, an Individual, Business Entity, or Unincorporated Association ("Defendant"), as follows:

1.    **Permanent Injunctive Relief**:

Defendant and its officers, directors, employees, agents, representatives, subsidiaries, distributors, and attorneys, and all persons in active concert or participation therewith are hereby permanently restrained and enjoined from:

a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling, or offering to sell counterfeit and infringing goods bearing and/or using Plaintiff's trademarks, or confusingly similar trademarks, identified in Paragraph 14 of the Complaint (the "Chanel Marks");

b. using the Chanel Marks in connection with the sale of any unauthorized goods;

c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

g. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant as being those of Plaintiff or in any way endorsed by Plaintiff and from offering such goods in commerce;

h. otherwise unfairly competing with Plaintiff;

i. using the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores, seller names, websites, or domain names registered by, owned, or operated by Defendant; and

j.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2.    **Additional Equitable Relief**:

a.    In order to give practical effect to the Permanent Injunction, the domain names lastchance-rack.com and nordstomonline.com ("E-commerce Store Names") are hereby ordered to be immediately transferred by Defendant, its assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the E-commerce Store Names to Plaintiff's control within five (5) days of receipt of this Judgment, upon Plaintiff's request, the Defendant and the top level domain (TLD) Registry for each of the E-commerce Store Names, or its administrators, including backend registry operators or administrators, shall, within thirty (30) days, (i) change the Registrar of Record for the E-commerce Store Names to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the E-commerce Store Names to Plaintiff, or (ii) place the E-commerce Store Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registries which link the E-commerce Store Names to the IP addresses where the associated websites are hosted;

b.    Pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, Defendant and all third parties with notice of this Order are enjoined from participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Chanel Marks;

c.    Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the Chanel Marks;

d.    Defendant, its agent(s) or assign(s), shall voluntarily assign all rights, title, and interest, to its E-commerce Store Names to Plaintiff and, if within five (5) days of receipt of this Order, the Defendant fails to make such an assignment, the Court shall

3

order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

e.  Defendant, its agent(s) or assign(s), shall instruct in writing all search engines to permanently delist or deindex the E-commerce Store Names and, if within five (5) days of receipt of this Order, the Defendant fails to make such a written instruction, the Court shall order the act to be done by another person appointed by the Court at the Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

f.  Upon Plaintiff's request, Defendant shall request, in writing, permanent termination of any messaging services, e-commerce store names, usernames, and social media accounts it owns, operates, or controls on any messaging service, e-commerce marketplace, or social media website; and

g.  Defendant shall file with this Court and serve on Plaintiff within thirty (30) days after entry of this injunction, a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with this injunction.

3.  **Statutory damages pursuant to 15 U.S.C. § 1117(c)**:

a.  Plaintiff is entitled to an award of statutory damages against Defendant pursuant to 15 U.S.C. § 1117(c), for which let execution issue as follows:

| Defendant / E-commerce Store Name | Requested Statutory Damages Award $100,000.00 per mark per type of good sold |
|---|---|
| lastchance-rack.com a/k/a nordstomonline.com | $500,000.00 |

The Court considered both the willfulness of Defendant's conduct and the deterrent value of the award imposed, and the award falls within the permissible statutory range of 15 U.S.C. § 1117(c).

4.  Pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow

4

services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates, are to immediately (within five (5) business days) identify, restrain, and be required to surrender to Plaintiff all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names including all related e-commerce store names used by the Defendant presently or in the future, as well as any other related E-commerce Store Name(s) and account(s) of the same customer(s), and any other account(s) which transfer funds into the same financial institution account(s). Such financial accounts and/or sub-accounts shall remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal and their related companies and affiliates, shall provide to Plaintiff at the time any funds are surrendered, a breakdown reflecting the (i) total funds restrained in this matter of Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from Defendant's funds restrained prior to release; and (iii) the total funds released of Defendant to Plaintiff.

5.     Interest from the date this action was filed shall accrue at the legal rate pursuant to 28 U.S.C. § 1961.

6.     The Court retains jurisdiction to enforce this Judgment and permanent injunction.

7.      The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

    **DONE AND ORDERED** in Miami, Florida this 1st day of May, 2026.

_____
**JACQULLINE BECERRA**
**UNITED STATES DISTRICT JUDGE**